```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

BULLET CONCRETE MATERIALS, INC. §
§
    Plaintiff, §
§
vs. § Civil Action No. H-07-3182
§
UNION PACIFIC RAILROAD COMPANY, §
§
    Defendant. §

## ORDER

Presently before the court is Plaintiff's Amended Motion for Leave to File Second Amended Complaint (Docket Entry No. 43) and the response filed thereto.

This action was originally filed in the 9th Judicial District Court of Montgomery County, Texas, on April 6, 2006, by Bullet Concrete Materials, Inc. ("Bullet") seeking to recover for various state law causes of action arising out of Union Pacific Railway Company's ("Union Pacific") alleged unauthorized use and blockage of Bullet's private track at its rail terminal. The action was removed to this court on September 28, 2007, based on Bullet's Third Amended Original Answer and Cross-Action which raised, for the first time, a federal question.[1]

On March 7, 2008, the court entered a scheduling order which required that all amended pleadings be filed by May 2, 2008, that Plaintiff's experts be named and reports served by August 1, 2008,

---

[1] Specifically, Bullet alleged that Union Pacific violated Article I, Section 8, Clause 3 of the United States Constitution, the Sherman Act, 15 U.S.C. § 1, and the Clayton Act, 15 U.S.C. § 15.

that dispositive motions be filed by August 18, 2008, and that discovery ended on October 21, 2008.

On April 24, 2008, Bullet timely filed an amended complaint. On August 1, 2008, Bullet's expert, Marc Schwartz, timely issued his report on damages.  In the report, he included in his damages model those damages attributable to Bullet's contractual relationships with Global Steel and Southern Ready Mix.

On August 15, 2008, Bullet filed a motion for leave to file an amended complaint, averring that it desired to add a new cause of action, tortious interference with a prospective contract between it and Hanson Aggregates.  This motion was opposed by Union Pacific on the grounds that, on August 18, 2008, it had filed a dispositive motion on all of Bullet's existing claims.  On September 4, 2008, the court denied Bullet's motion, finding that it had failed to show good cause for the untimely amendment of the pleadings.[2]

On September 5, 2008, Defendant's expert, Alice Krywick, issued her expert report based on Schwartz's damage model.  On October 2, 2008, Schwartz was deposed and testified only to damages related to Southern Ready Mix and Global Steel.

On October 2, 2008, Plaintiff filed the pending amended motion for leave to file a second amended complaint.  In this motion, Plaintiff claims that the second amended complaint is needed to clarify paragraph sixty-eight of its first amended complaint to

---

[2]   Order, Docket Entry No. 35.

allege tortious interference with existing *and* prospective contracts.  In support, Plaintiff notes that the fact section of the first amended complaint alleged that Hanson Aggregates planned to construct a facility on the Bullet terminal property but terminated the project due to the actions of Union Pacific. Plaintiff argues that its counsel was not aware of the problem until it reviewed Union Pacific's motion for summary judgment. Plaintiff estimates that the additional cause of action is worth in excess of $1,000,000.

In response, Union Pacific opposes addition of the new cause of action because of the prejudice it would suffer.  Union Pacific avers that its expert has analyzed Plaintiff's expert report and it has deposed Plaintiff's expert.  If the court allowed the new claim to be added, the docket control order would have to be extended to allow Plaintiff to amend its expert report, Union Pacific would have to pay its expert to analyze the new claim, Plaintiff's expert would have to be re-deposed and Union Pacific would need additional time within which to file a dispositive motion on the new claim.

In S & W Enters., L.L.C. v. SouthTrust Bank of Ala., 315 F.3d 533, 536 (5th Cir. 2003), the court held that Federal Rule of Civil Procedure 16(b) governs amendment of the pleadings after the expiration a scheduling order deadline.  The court set out four factors to be considered:  1) the explanation for the failure timely to move for leave to amend; 2) the importance of the

3

amendment; 3) the potential prejudice in allowing the amendment; and 4) the availability of a continuance to cure such prejudice. S & W Enters., 315 F.3d at 536, (citing Reliance Ins. Co. v. La. Land & Exploration Co., 110 F.3d 253, 257 (5th Cir. 1997)).

The court finds that Plaintiff has failed to show good cause for the untimely amendment. This lawsuit was first filed in early 2006 by Plaintiff and it was removed to federal court on Plaintiff's third amended complaint. Plaintiff again amended its complaint a fourth time in April 2008. Clearly, Plaintiff was aware of the termination of the Hanson Aggregates project well before the expiration of the pleading amendment deadline because the event was discussed in its most recent amended complaint.

The real problem here is that Plaintiff's expert did not include the Hanson Aggregates project in his report on damages. As the potential damages from this claim may exceed one million dollars, the amendment is an important one to Plaintiff. However, that factor does not outweigh the prejudice that Union Pacific would suffer if the court allowed the late, fifth amendment to the complaint. If the pending motion had been filed before expert reports were due and dispositive motion filed, the prejudice to Union Pacific would be minimal and could be cured with a short continuance and extension of deadlines. However, under the present facts, all deadlines would have to be extended, experts re-deposed, discovery extended, and, possibly, a second dispositive motion

filed.  This is significant prejudice.  Additionally, Union Pacific is entitled to a speedy resolution of this dispute which has been pending for over two years.

In light of all the factors present, the court finds that Plaintiff has failed to show good cause for this untimely amendment of the pleadings.  Plaintiff's Amended Motion for Leave to File Second Amended Complaint (Docket Entry No. 43) is **DENIED**.

**SIGNED** this 17th day of October, 2008, in Houston, Texas.

Nancy K. Johnson
United States Magistrate Judge